## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMON MORGAN,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:23-cv-00135** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WARDEN BRAAZA,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner Damon Morgan, an inmate at the Federal Correctional Institution Allenwood Medium, in White Deer, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks application of time credits earned under the First Step Act (FSA).  Because Morgan has failed to exhaust available administrative remedies, the Court must dismiss his Section 2241 petition.

## I.     BACKGROUND

Morgan is serving a 180-month sentence imposed by the United States District Court for the Eastern District of Michigan for possession with intent to distribute cocaine base.  (*See* Doc. No. 8-1 at 3 ¶ 3; *id.* at 6.)  His current projected release date, via good conduct time, is May 18, 2024.  (*See* Doc. No. 8-1 at 3 ¶ 3; *id.* at 6.) Morgan filed the instant Section 2241 petition in January 2023,[1] asking the Court to

---

[1] The Court observes that Morgan did not sign his petition, in violation of the requirements set forth in 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf." (emphasis supplied)).

"order [the] BOP to apply time credits and grant [him] immediate release." (*See* Doc. No. 1 at 7.) In his petition, Morgan contends that he has been deemed ineligible for application of FSA time credits because he has a state detainer lodged against him. (*See id.* at 6.) Morgan, however, has failed to exhaust his administrative remedies and develop the instant record, so the Court must dismiss his Section 2241 petition.

## II.  DISCUSSION

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden,

appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  *See id.* §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  *See Moscato*, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).  "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."  *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

Morgan admits that he did not exhaust his administrative remedies.  (*See* Doc. No. 1 at 2-3, 5.)  Respondent likewise confirms that Morgan failed to exhaust any claim related to FSA credits.  (*See* Doc. No. 8-1 at 4 ¶ 5.)  Morgan simply asserts that exhaustion would be "futile."  (Doc. No. 1 at 2-3.)  Morgan, however, has failed to make a "clear and positive showing" of futility.  *Wilson*, 475 F.3d at 175 (citation

omitted). This failure is exemplified by the circumstances surrounding the instant FSA time-credit dispute.

Morgan alleges that he is being denied application of his FSA credits based on the presence of a state detainer. (*See* Doc. No. 1 at 6.) Respondent, on the other hand, maintains that Morgan's FSA time credits cannot be applied because he has failed to obtain two consecutive "Low" or "Minimum" PATTERN risk recidivism scores. (*See* Doc. No. 8 at 10-11.) Such a foundational disagreement illustrates why it is necessary for petitioners to exhaust their claims through administrative channels and develop a record for federal habeas review. *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

Morgan should have pursued administrative remedies so that he could have received a final answer and explanation as to why the BOP was denying application of his FSA time credits. His failure to do so precludes this Court from ruling on the merits of his Section 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d

757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

Additionally, the Court notes that is uncertain from the record what relief Morgan is attempting to obtain beyond "immediate release." In particular, it is unclear whether Morgan seeks—based on accrued FSA time credits—early placement into prerelease custody or early placement on supervised release. This is an important distinction. Early transfer to prerelease custody through application of FSA time credits requires two consecutive low or minimum recidivism risk reassessments. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(I); 28 C.F.R. § 523.44(c)(1). But early transfer to supervised release does not. Early placement into supervised release requires, among other things, that the inmate "has been determined under the System to be a minimum or low risk to recidivate *pursuant to the last reassessment of the prisoner*." 18 U.S.C. § 3624(g)(1)(D)(ii) (emphasis supplied).

Respondent asserts that Morgan "is currently assessed with a Low PATTERN score" as of November 30, 2022, and before that date had been assessed as a "Medium PATTERN score." (Doc. No. 8 at 11.) Thus, assuming Morgan could satisfy the other criteria for application of FSA time credits, (*e.g.*, having earned time credits "in an amount that is equal to the remainder of [his] imposed term of

imprisonment" and having had the remainder of his term of imprisonment computed), Morgan may be eligible for application of FSA time credits toward early placement on supervised release.

Nevertheless, because Morgan failed to exhaust his administrative remedies or develop any sort of record for his habeas claim, the Court must dismiss his Section 2241 petition.  *See Moscato*, 98 F.3d at 762; *Ryan*, 415 F. App'x at 347.  It is simply impossible for the Court to render a merits decision on Morgan's unexhausted and undeveloped Section 2241 petition.[2]

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Morgan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: June 15, 2023

---

[2]  The Court additionally observes that, according to the BOP's inmate locator, https://www.bop.gov/inmateloc/, it appears that Morgan was released on May 19, 2023.  That release would likewise render the instant Section 2241 petition moot.

6